Sherri and David PRICE, Appellants

v.

Lawrence LEIBFRIED, Riviera Tavern Corporation, d/b/a Riviera Tavern, Appellee.

Superior Court of Pennsylvania.

Argued Aug. 23, 2011.
Filed Dec. 22, 2011.

Adam T. Wolfe, Enola, for appellants.

George B. Faller, Jr., Carlisle, for appellee.

BEFORE: GANTMAN, LAZARUS, and OLSON, JJ.

OPINION BY LAZARUS, J.:

Sherri and David Price, husband and wife, (the Prices) appeal from the February 7, 2011 order entered in the Court of Common Pleas of Dauphin County granting defendant Lawrence Leibfried's (Leibfried) motion for summary judgment.[1] We affirm.

This negligence action arises out of a two-vehicle crash that occurred on January 12, 2006. That night, at approximately 10:45 p.m., Sherri Price (Price) was a passenger in her 1999 Chrysler Sebring. Leibfried, who was driving the Sebring, rear-ended a tractor-trailer. Price was injured in the accident.

Just prior to the accident, Price and Leibfried had been drinking alcohol at Defendant Riviera Tavern. Leibfried's blood

1. The trial court certified this order as final    pursuant to Pa.R.A.P. 341(c).

alcohol content was between 0.21% and 0.217% within an hour after the crash.

In their complaint, the Prices alleged negligence and sought damages for Sherri's injuries and for loss of consortium. The complaint also alleged negligence against Riviera Tavern, claiming it served alcohol to Leibfried when he was visibly intoxicated, in violation of the Dram Shop Act. *See* 47 P.S. § 4–493(a).

At the close of discovery, Leibfried filed a motion for summary judgment. In his motion, Leibfried averred that Price was vicariously liable for her own injuries, citing to 75 Pa.C.S.A. § 1574 (Permitting unauthorized person to drive).[2] Both the Prices and Riviera Tavern filed responses to the motion for summary judgment. On April 11, 2008, the Honorable Jeannine Turgeon granted summary judgment with respect to Leibfried only. The Prices appealed, and this Court quashed the appeal because the court did not properly certify the order as final pursuant to Pa.R.A.P. 341(c).[3] *See Price v. Leibfried and Riviera Tavern Corp.*, 914 MDA 2008 (filed March 24, 2009) (unpublished memorandum).

The Prices filed a motion for reconsideration with the trial court. The court reaffirmed its prior order and made the following findings: "(1) the record establishes as an undisputed material fact that Plaintiff Sherri Price knowingly permitted Defendant Leibfried, an unauthorized/unlicensed driver, to operate her vehicle, ... and, (2) as a matter of law, Plaintiff Sherri Price is therefore vicariously liable for Defendant Leibfried's negligence in the operation of her vehicle pursuant to 75 Pa.C.S.A. § 1574(b), as interpreted under *Terwilliger v. Kitchen,* 781 A.2d 1201, 1206 (Pa.Super.2001)." Trial Court Order, 2/7/2011. The court determined that the Prices were precluded from recovering damages from Leibfried and thus granted his motion for summary judgment. The court further directed "that the issue of defendant Leibfried's negligence will remain an issue for a jury to determine in apportioning liability and that the jury will not be instructed that Leibfried's liability is imputed to plaintiff Sherri Price pursuant to 75 Pa. C.S.A. § 1574."

On appeal, the Prices raise the following claims:

(1) Is a defendant entitled to summary judgment based solely on his own testimony, when the plaintiff's testimony differs as to material facts regarding whether plaintiff authorized or permitted defendant to operate her vehicle on the night in question?

(2) Is 75 Pa.C.S.A. § 1574 applicable where the circumstances of the case

---

2. Section 1574 of the Vehicle Code provides:

   (a) **General rule.**—No person shall authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this chapter or who is not licensed for the type or class of vehicle to be driven.

   (b) **Penalty.**—*Any person violating the provisions of subsection (a) is guilty of a summary offense and shall be jointly and severally liable with the driver for any damages caused by the negligence of such driver in operating the vehicle.* (emphasis added).

3. Pa.R.A.P. 341(c) states: "When more than one claim for relief is presented in an action, ... or *when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.* Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all of the claims and parties shall not constitute a final order." (emphasis added). As indicated in footnote 1, *supra,* the trial court certified its February 7, 2011 order as final.

and the testimony of the vehicle owner do not establish that the owner authorized or permitted the unlicensed driver to operate her vehicle?

(3) Pursuant to 75 Pa.C.S.A. § 1574, is an injured passenger vicariously liable **to herself** for the negligence of the driver of the vehicle and thus per se barred from pursuing a claim against the driver when the injured passenger owned the vehicle and "authorized or permitted" the driver to operate the vehicle knowing that he did not have a valid driver's license?

(4) Should defendant Leibfried's negligence remain an issue for a jury to determine, for the purpose of apportioning liability only, with the jury not being instructed that Leibfried's liability is imputed to plaintiff Sherri Price pursuant to 75 Pa.C.S.A. § 1574.

■ When reviewing a grant of summary judgment by a trial court our standard of review is as follows:

Summary judgment is properly granted where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.' Pa.R.C.P. 1035(b). 'The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.' *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991). Summary judgment may be entered only in those cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.,* 522 Pa. 367, 369, 562 A.2d 279, 280. (1989).

*Pennsylvania State University v. County of Centre,* 532 Pa. 142, 615 A.2d 303, 304 (1992). A reviewing court may disturb the order of the trial court only where that court committed an error of law or abused its discretion. *Keystone Freight Corp. v. Stricker,* 31 A.3d 967, 2011 PA Super 216 (2011). As with all questions of law, our review is plenary. *Phillips v. A–Best Products Co.,* 542 Pa. 124, 665 A.2d 1167, 1170 (1995).

■ The Prices argue that there is a genuine issue of material fact with regard to whether Price "authorized or permitted" Leibfried to drive her car, and, therefore, the entry of summary judgment was improper. Contrary to the wording of their first issue and the argument presented, Leibfried's summary judgment motion was not granted "solely on his own testimony." *See Nanty–Glo v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932); *Peluso v. Walter,* 334 Pa.Super. 609, 483 A.2d 905 (1984). Price's own deposition testimony establishes that she permitted Leibfried to drive her car, knowing he was unlicensed.

Price stated in her deposition that she knew, prior to the accident, Leibfried did not have a valid driver's license on the night of the accident, and she knew that he had been drinking beer and "hard liquor" on the night of the accident. Sherri Price Deposition, 9/6/2007, at 39. In her deposition, Price recounted that she and Leibfried had been drinking at three bars that evening, the Riviera Tavern being the last, and that she had driven to the Riviera Tavern. She stated that she had felt "impaired" driving to the Riviera Tavern, and that "[a]fter leaving the [Riviera Tavern], the next thing I remember is looking over at Larry [Leibfried] driving my car." *Id.* at 54, 57. Price's deposition testimony continued as follows:

Q: Had you ever let Larry drive your car before January 12, 2006?

A: Yes.

Q: And how often?

A: Not often.

Q: And can you tell me approximately how many times Mr. Leibfried had driven your car before that night?

A: At least three times and less than ten times.

Q: And on what occasions had he driven your car in the past?

A: To move my car, to start it up when it was cold. When we went fishing one time, I remember him driving it to pull it down along the creek. I remember him driving when we were out one other evening, and I left the apartment. He had gotten in my vehicle and drove it. And then that evening. And I'm not sure of the other times.

Q: When you arrived at the Riviera Tavern January 12, 2006, you said you drove there?

A: Yes.

Q: **When you got there, what did you do with your keys?**

A: **Gave them to Larry.**

Q: When you walked in?

A: Yes.

Q: Why did you do that?

A: He asked me for them.

Q: **Did you have any reservations about giving him your keys?**

A: **No. I handed them to him.**

                    *        *        *

Q: ... **To the best of your recollection had you ever let Larry drive your car when the two of you had been out drinking?**

A: **Yes.**

Q: Can you tell me on how many occasions?

A: At least three.

Q: And would that have been between the time period of October 2005 and the date of the accident?

A: Yes.

Q: **And during those prior occasions were you aware that Larry did not have a license?**

A: **Yes.**

Q: And was there a particular reason that you can give to me as to why you allowed Mr. Leibfried on those dates to drive your car home?

A: It wasn't necessarily home.

Q: Well, to drive your car.

A: I was drinking, not making good decisions, that, or he would take my keys.

Q: Take your keys without your permission?

A: No. I knew that they were in the house. But, yeah, I mean, you know, I didn't know that he—well, he had to drive because he drove after me. I left the apartment one evening, and he got in and then drove after me.

Q: I'm speaking more along the lines of the occasions in which the two of you were out drinking and he drove.... Is it your belief that the night of the accident in January of 2006 was the first time you had allowed Larry to drive your car when the two of you had been out drinking sociably [sic] in a bar?

A: I can't recall.

*Id.* at 57, 101–102.

From Price's deposition testimony detailing her relationship with Leibfried and the events on the night of the accident, it is clear that there is no genuine issue of material fact with respect to (a) her knowledge that Leibfried was not a licensed driver and, (b) that despite this knowledge, she authorized or permitted him to drive her car. Reasonable minds could not differ as to these material facts. *Cochran v.*

*GAF Corp.*, 542 Pa. 210, 666 A.2d 245, 248 (1995).

The testimony reveals a pattern where Price and Leibfried would go out drinking together and Price "occasionally" gave her keys to Leibfried when she felt "impaired." Sherri Price Deposition, *supra* at 54–57, 101–03. Price stated that she permitted Leibfried to drive her car on those occasions because she was "not making good decisions." *Id.* at 102. On the night of the accident, Price voluntarily gave her keys to Leibfried, knowing he was unlicensed, when they entered the Riviera Tavern. She stated that she was "impaired" when she drove to the Riviera Tavern, and, as was the pattern, she gave her keys to Leibfried, without reservation, knowing she was unable to drive and thus implicitly permitting Leibfried to drive her car. *Id.* at 54–55. Reasonable minds could reach no other conclusion. *See Shomo v. Scribe*, 546 Pa. 542, 686 A.2d 1292, 1296 (1996) (violation of section 1574(a), and thus imposition of civil liability pursuant to section 1574(b), occurs *at time owner entrusts his or her vehicle to one he or she knows or has reason to know is unauthorized or unlicensed* to drive the vehicle on the highway); *see also Commonwealth v. Hickey*, 136 Pa.Cmwlth. 223, 582 A.2d 734, 736 (1990) (section 1574 shows legislative intent to make one who permits his or her auto to be used by unlicensed driver vicariously liable for acts of unlicensed driver).

We agree with the trial court's assessment that there is a complete absence of evidence suggesting that Price did not give Leibfried permission to drive her car. Consequently, as a matter of law, Price violated section 1574(a) of the Vehicle Code, and, therefore, she is vicariously liable for Leibfried's negligence. *See Terwilliger v. Kitchen, supra.* As one vicariously liable for Leibfried's actions, she cannot recover damages from him. The trial court properly granted summary judgment in Leibfried's favor.

 With respect to the Prices' final issue, we agree with both Appellees' arguments that the issue of apportionment of liability is premature. The remaining claim against Defendant Riviera Tavern must proceed to trial and, thereafter, the issue of apportionment of liability is for the jury, following the trial court's instruction. We, therefore, will not address this claim.

Order affirmed.