## Olsen v. SEPTA

*Craig A. Sopin,* for plaintiff.

*Thornas P. Wagner, Thomas J. McKenzie* and *Simona Kasurkin* for defendant.

TUCKER, *J.*, February 6, 2013—

## I. Procedural History

This matter comes before the court on appeal from an order granting Charles Olsen's (hereinafter referred to as "appellee Olsen") motion for summary judgment. Order entered by J. Tucker (11/08/2012). The court, upon consideration of the motion for summary judgment and responses thereto, granted summary judgment in favor of appellee Olsen and against his wife, Bernadette Olsen (hereinafter referred to as "appellant"). Order entered by J. Tucker (11/8/2012). The basis of this judgment is on appeal.

On June 27, 2011, appellant filed a praecipe to issue in the Philadelphia County Court of Common Pleas against the Southeastern Pennsylvania Transportation Authority, First Transit, Inc. t/a Connect, Tiwanda Ross-Coins (hereinafter referred to collectively as "appellee SEPTA") and appellee Olsen. Prae. to issue writ of summons (06/27/2011), On August 3, 2011, appellee SEPTA filed a rule to file complaint. Rule to file complaint (08/03/2011);

rule to file complaint (08/03/2011), August 4, 2011, appellant filed a complaint against appellee SEPTA and appellee Olsen, seeking damages for injuries arising out of an automobile accident between a SEPTA vehicle and a car in which appellant was a passenger, complaint (08/04/2011).

On September 2, 2011, appellee SEPTA filed preliminary objections. Prelim. objections (09/02/2011). Appellee Olsen filed an answer to appellant's complaint with a cross-claim against appellee SEPTA and a new matter. Answer to complaint filed (09/02/2011). Appellant filed her reply to appellee Olsen's new matter on September 6, 2011. Reply to new matter (09/06/2011). Appellant filed her answer to appellee SEPTA's preliminary objections, and appellee SEPTA filed its reply to appellee Olsen's cross-claim. Answer to prelim. Obj. (09/06/2011); reply to crossclaim (09/08/2011).

Appellee SEPTA subsequently filed a motion to consolidate the instant case and a second lawsuit arising out of the same events brought by appellee Olsen against Southeastern Pennsylvania Transportation Authority, First Transit, Inc. t/a Connect, and Tiwanda Ross-Goins at court and term number June term, 2011, No. 2545. Mot. to consolidate (09/21/201 1)(Court & term no. 110602529); mot. to consolidate (09/21/2011)(court & term no. 110602545). Upon consideration of the preliminary objections and the related answer and reply, the court entered an order sustaining appellee SEPTA's preliminary

objections in part, resulting in certain portions of the complaint being stricken. Order entered by J. Panepinto (10/19/2011). Appellee SEPTA thereafter filed its answer with new matter and cross-claim against appellee Olsen. answer (10/28/2011). Appellee Olsen filed his reply to appellee SEPTA's cross-claim on November 10, 2011. Reply to cross-claim (11/10/2011). The court granted appellee SEPTA's motion to consolidate on November 21, 2011. Order entered by J. Panepinto (11/21/201 l)(court & term no. 110602529); Order entered by J. Panepinto (11/21/201 l)(court & term no. 110602545). On December 8, 2011, appellee Olsen was ordered to provide full, complete and verified responses to appellee SEPTA's request for production of documents. Order entered by J. Moss (12/08/2011). A Philadelphia County Compulsory Arbitration Hearing was scheduled and held on April 30, 2012. Arbitration hearing scheduled (02/22/2012).

On April 30, 2012, the arbitration panel filed an award in favor of appellee SEPTA and against appellant. Report and award of arbitrators (04/30/2012). The arbitration panel found in favor of appellant and against appellee Olsen as to liability; however the arbitration panel did not award damages to appellant because she permitted an unauthorized driver to operate her vehicle in violation of *75 Pa. C.S. § 1574. Id.*

On May 25, 2012 appellant filed a notice of appeal of the arbitration award. Notice of appeal (05/25/2012). On August 17, 2012 appellant filed a motion to remand

the arbitration award. Mot. to remand. (08/17/2012). The court denied appellant's motion to remand. Order entered by J. New (08/20/2012). On August 28 and 31, 2012, appellee SEPTA and appellee Olsen filed motions for summary judgment, respectively. Mot. for summary judgment (08/28/2012); Mot. for summary judgment (08/31/2012). On September 10, 2012 appellant filed answers to both appellee SEPTA's and appellee Olsen's motions for summary judgment. Answer to appellee SEPTA mot. (09/10/2012); answer to appellee Olsen mot. (09/10/2012). The court denied appellee SEPTA's motion for summary judgment. Order entered by J. Tucker (11/08/2012). The court granted appellee Olsen's motion for summary judgment. Order entered by J. Tucker (11/08/2012), appellant thereafter filed a partial discontinuance with respect to appellee SEPTA, having settled the matter. Partial discontinuance (11/28/2012).

Appellant filed an untimely appeal to the court's November 6, 2012 order, docketed November 8, 2012, on December 10, 2012. Appeal to Superior Court (12/10/2012). The court ordered appellant to file a concise statement of matters complained of on appeal pursuant to Pa. RAP. 1925(b) ("1925(b) statement"). Order entered by J. Tucker (12/13/2012). On December 17, 2012, appellant filed a response wherein appellant raises the following issues on appeal, verbatim:

1. The trial court erred in granting appellee, Charles Olsen's, motion for summary judgment since a bar to

recovery by appellant because of appellant's alleged permissive use of her vehicle by an unlicensed driver pursuant to 75 Pa. C.S. Section 1574(b) would require a finding of guilt by Philadelphia Traffic Court of which there is no evidence of record.

2. The trial court erred in granting appellee, Charles Olsen's, motion for summary judgment since assuming, arguendo, appellant's permissive use of her vehicle by an unlicensed driver could serve to preclude her recovery without a finding of guilt pursuant to 75 Pa. C.S. Section 1574(b), the record reflects that she was suffering a diabetic emergency during which she did not possess normal cognitive faculties. Therefore, the question of whether she was culpable under the circumstances under section 1574(b) was a question for a finder of fact.

3. Appellant is unaware of the trial court's reason(s) for granting summary judgment and dismissing her claims. Therefore, appellant reserves the right to supplement her statement of matters complained of once a copy of the trial court opinion is received.

1925(b) statement (12/17/2012).

## II. Facts

On July 6, 2009 at approximately 6:45 p.m. appellant was a passenger in a vehicle owned by appellant and operated by appellee Olsen, which was traveling southbound in the right lane of Verree Road near the

intersection of Red Lion Road in Philadelphia. complaint (08/04/2011). About that time, the vehicle collided with a SEPTA para transit vehicle that had also been traveling southbound on Verree Road. *Id.* At the time of the accident, appellee Olsen was not licensed to operate a motor vehicle. Mot. for summary judgment (08/31/2012). As a result of the accident, both appellant and appellee Olsen sustained personal injuries, which are the basis of their individual claims against appellee SEPTA and appellant's claims against appellee Olsen, complaint (08/04/2011).

On April 30, 2012, after having been consolidated with another matter, the instant matter was sent to compulsory arbitration; a ruling was entered in favor of appellee SEPTA and against appellant. Report and award of arbitrators (04/30/2012). As between appellant and appellee Olsen, the arbitration panel found in favor of appellant and against appellee Olsen as to liability but awarded no damages, due to the panel finding appellant vicariously liable for appellee Olsen's negligence pursuant to *75 Pa. C.S. § 1574*, for permitting appellee to operate her vehicle despite being an unlicensed driver. Report and award of arbitrators (04/30/2012). The basis of appellant's motion to remand, also the basis of this appeal, was that a determination of guilt for violation of a summary offense is a condition precedent to joint and several liability. Based on this argument, appellant states she could not be found jointly and severally liable for her injuries because no court of competent jurisdiction had made such a determination.

The court disagrees. A discussion ensues:

### III. Legal Analysis

a. Appellant did not timely file an appeal pursuant to the Pennsylvania Rules of Appellate Procedure.

It is well settled that an "appeal shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by *Rule 903*" Pa.R,A.P. 902. An appeal must be filed within thirty (30) days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903. Filing a motion for reconsideration does not toll the time for taking an appeal Pa.R.A.P. 1701.

Here, the docket reflects that appellant did not file her notice of appeal with the Court of Common Pleas of Philadelphia County within thirty (30) days of the entry of the November 8, 2012 order. Appeal to Superior Court (12/10/2012). Pa.R.A.P. 903. Appellant is two (2) days too late. Therefore, appellant's issues on appeal are waived.

b. Notwithstanding waiver, the Court properly dismissed appellant's claims against appellee Olsen because appellant was vicariously liable for her own injuries pursuant to the Pennsylvania Vehicle Code,

Under the Pennsylvania Rules of Civil Procedure, summary judgment is proper:

1. Whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional

discovery or expert report; or

2. If, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P.1035.2. Under this standard, a movant may successfully obtain summary judgment in their favor by demonstrating that the record does not contain sufficient evidence of facts to make out a prima facie cause of action. *Id.* (Note). In considering a motion for summary judgment, the court views the record in the light most favorable to the non-moving party, and resolves all doubts as to the existence of a genuine issue of material fact against the moving party. *Price v. Leibfried*, 34 A.3d 1279, 1281 (Pa. Super. 2011).

*Section 1574(a)* of the Pennsylvania Vehicle Code provides that "no person shall authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this chapter or who is not licensed for the type of class of vehicle to be driven." 75 Pa.C.S. § 1574(a). *Section 1574(b)* further provides that one who violates *Section 1574(a)* is "jointly and severally liable with the driver for any damages caused by the negligence of such driver in operating the vehicle." 75 Pa. C.S. § 1574(b).

Courts have interpreted the legislative intent behind these provisions to hold the vehicle owner vicariously liable for such damages caused by unauthorized drivers. *Terwilliger v. Kitchen*, 781 A.2d 1201, 1207 (Pa. Super. 2001) (citing *Commonwealth of Pennsylvania, Dep't of Public Welfare v. Hickey*, 582 A.2d 734 (Pa. Cmwlth. 1990)).

Specific to the issues raised in appellee Olsen's motion for summary judgment, the court finds the reasoning in *Price*, supra, controlling, In *Price*, the Pennsylvania Superior Court addressed the issue of whether a passenger is vicariously liable to herself and thus per se barred from pursuing a claim against a driver in instances where the passenger owned the vehicle and "authorized or permitted" the driver to operate the vehicle knowing that they did not have a valid driver's license, *Price*, 34 A.3d at 1281-1283. After determining that there were no genuine issues of material fact as it applied to the vehicle code, the *Price* court held that the injured passenger in that case could not recover damages from the driver because she was vicariously liable for the driver's actions. *Id.* at 1283 (stating "As one vicariously liable for [the driver's] actions, she cannot recover damages from him. The trial court properly granted summary judgment in [the driver's] favor")).

Here, appellant disputes the aforementioned principles. First, appellant opines that *Section 1574(b)* requires a finding of guilt as a precursor to joint and several liability, meaning that this court lacks jurisdiction if there is

no finding of guilt by a court of competent jurisdiction under the vehicle code. Answer to appellee mot/filed (09/10/2012) ("[T]he penalty provision provides that a violator is *guilty* of a summary offense and shall be jointly and severally liable is in the conjunctive. In other words, in order for [appellant] to be jointly and severally liable she must have been *criminally* liable (i.e. 'guilty')"). *Id.*

This is a specious interpretation of *Section 1574*. *Section 1574(b)* does not preclude joint and several liability absent a finding of guilt, nor does it purport to be a test for determining joint and several liability. *Section 1574(b)* simply sets forth the legal implications, or penalty, of violating *Section 1574(a)*. If the Legislature had intended *Section 1574(b)* to lay out the requirements for determining joint and several liability, it would have made some textual commitment to that end.

Second, appellant submits that the well-settled rules of law outlined above are not applicable to the matter sub judice. appellant construes *Price*, supra, to stand for something other than the principle that one who knowingly authorizes an unlicensed driver to operate his or her vehicle is per se barred from pursuing a claim against the driver. Answer to appellee mot. (09/10/2012). In distinguishing *Price* from the case before the court, appellant cites several factual observations made by the *Price* court. *Id.* However, these observations only informed the court's understanding of the plaintiff's state of mind at the time consent was given to operate the vehicle; the plaintiff's

consent to let an unlicensed driver operate her vehicle is the linchpin of the court's ruling. *Price*, 34 A.3d at 1281-1283.

In support of this proffered distinction, appellant offers her own testimony to show how the circumstances of her knowledge differed from the plaintiff's knowledge in *Price*. This testimony is not helpful to appellant's argument. In her answer to appellee Olsen's motion for summary judgment, appellant offers the following testimony:

Mr. McKenzie: Okay. Was there a conversation about who should drive?

Ms. Olsen: Because my sugar dropped real low, I wasn't thinking clearly, because that's how I get – I get very disoriented – and I just said to my husband, you drive. You have to hurry. You have to get me something. Because I was afraid I was going to pass out.

*He said, you know I don't have a license. I said, well, it's important, I'm afraid I'm going to pass out. I said, it's only up to the corner. And it was just a bad – I shouldn't have told him to do it.*

Answer to appellee mot. (09/10/2012) (quoting B, Olsen Dep. 22) (01/20/2012)(emphasis added)); mot, for summary j. (08/31/2012). This testimony only further demonstrates that appellant knowingly permitted appellee Olsen to operate her vehicle despite being unlicensed. *Id.* The record clearly demonstrates, and appellant does

not dispute, that appellant knew appellee Olsen was an unlicensed driver and nonetheless knowingly gave him permission to operate her vehicle. *Id.*

Appellant's deposition also reveals that she certainly knew the status of appellee Olsen's license well in advance of the date of the accident. In her deposition she stated:

Mr. McKenzie: How long did your husband not have a license at the time of the accident?

Ms. Olsen: I think it was about a year.

Mot. for summary j. (08/31/2012)(quoting B. Olsen Dep. at 12) (01/20/2012). Appellant further testified:

Mr, McKenzie: You said that your husband's driver's license was suspended or revoked for approximately a year before the incident?

Ms. Olsen: Yes.

Mr. McKenzie: Do you know what it was suspended or revoked for?

Ms. Olsen: He was driving a car and the registration lapsed.

Mr. McKenzie: Was he driving your car?

Ms. Olsen: Yeah, it was my car, and the registration lapsed. And a policeman gave him a ticket for his license to be –

Mr. McKenzie: Suspended or revoked?

Ms. Olsen: You know, suspended, yeah, for registration.

Mr. McKenzie: And that was for driving a vehicle that wasn't registered at the time?

Ms. Olsen: Yeah, and that was in Willow Grove.

Mr. McKenzie: When did you find out that your husband's driver's license was suspended or revoked?

Ms. Olsen: When he got the ticket.

*Id.* at B. Olsen Dep. 15:22-16:18 (01/20/2012).

Lastly, appellant's deposition reveals that, contrary to her contention that she was not thinking clearly at the time she consented to her husband, appellee Olsen's driving her vehicle, appellant made a conscious and cogent effort to convince her husband to operate the vehicle. Following her explanation of reasons for asking her husband to drive, quoted above, appellant admits that she told appellee Olsen to drive despite knowing he did not have a valid license:

Mr. McKenzie: I understand. But you actually told him to drive?

Ms. Olsen: Yeah. And it was pretty much against his will.

*Id.* at B. Olsen Dep. 23:13-16 (01/20/2012). Appellant's deposition provides ample testimony from which it can

be concluded that there is no genuine issue of material fact regarding appellant's knowledge of appellee Olsen's status as an unlicensed driver and appellant's authorization to drive her vehicle in spite of that knowledge. *Price*, 34 A.3d at 1281-1283

## IV. Conclusion

Appellant failed to timely file an appeal of the court's order granting appellee Olsen's motion for summary judgment; therefore, appellant's claims on appeal are waived. Nevertheless, after careful review, the court finds appellant's claims without merit. First, appellant's attempt to dispute a well-settled rule of law is unpersuasive. Appellant does not point to any legitimate authority to substantiate her interpretation of the law, and in so doing, concedes the rule of law she seeks to contradict. Second, appellant submits that, the law notwithstanding, material questions of fact existed, precluding summary judgment in favor of appellee Olsen. Not only does the record belie this contention, but appellant also cites portions of her own deposition testimony that undercut the merits of the argument. It is clear from appellant's testimony that, regardless of her state of mind immediately prior to the accident, appellant knowingly *requested* that appellee Olsen drive her vehicle despite being fully aware that appellee Olsen did not have a valid driver's license. There are no genuine issues of fact as to these issues. The court's ruling should stand.