## Sodeke v. Opawumi

*Laurie Ginsberg* and *William T. Lawson, III*, for plaintiff.

*Francis J. Deasey* and *Athena O. Pappas*, for defendants Philadelphia Mental Health Center and Edward Parnes.

*Frederick B. Buck* and *Reid I. Howell*, for defendant Elwyn Institute.

*Marc J. Syken*, for defendant Progression Companies, Inc.

*Angelo L. Scaricamazza, Jr.*, for defendant Staffing Plus, Inc.

*Stuart T. O'Neal, III*, for defendant Staffmore LLC.

COLINS, *J.*, October 2, 2013—Plaintiffs appeal this court's order of May 30, 2013, granting defendants' motion for summary judgment and dismissing their action for negligence and negligent supervision. The matter stems from an alleged assault on a minor that occurred

while defendants provided home health care services to her brother in the child's home. Plaintiffs timely filed a statement of matters complained of pursuant to Rule 1925(b), Pa. R. A. P. For the reasons set forth below, the court urges that its May 30th decision be affirmed.

## ISSUES RAISED

This appeal raises the question whether a social services provider of home health services to minors has a duty to conduct an investigation of its workers' background that exceeds the investigation required by state law.

## UNDISPUTED FACTS OF RECORD

Minor-Plaintiff, Abimbola Sodeke, a/k/a Sarah Sodeke (Sodeke), and her mother, Adebisi Adeyemi (Adeyemi), claim that on February 13, 2008, defendant Emmanuel Opawumi (Opawumi), when delivering services to her brother in their home, attempted to assault Sodeke, nine years old at the time, by "placing his hand up her shirt and then placing his hand down her pants." ¶¶8-9, third amended complaint.

Opawumi was a Therapeutic Staff Support worker (TSS worker) assigned by defendant Philadelphia Mental Health Center (PMHC) to provide home health care services to Sodeke's minor brother. Defendant Staffmore, LLC (Staffmore), which under contract with PMHC recruits and screens candidates for TSS workers, screened and selected Opawumi. The contract required background and clearance checks on all Staffmore recruits. ¶B, Staffmore LLC staffing contract, Jan. 1, 2008, exhibit B, defendants' motion for summary judgment (Defendants' exhibits). Staffmore obtained valid child abuse, criminal

history and FBI clearances on Opawumi. Defendants' exhibit G (Pa. Child Abuse History Clearance, Opawumi, October 11, 2007) and exhibit H (Pa. State Police PATCH response for criminal records check, verified Nov. 5, 2007); defendants' exhibit D (Opawumi biography and notes, October 7, 2007). Staffmore interviewed Opawumi, checked his references, and verified all his educational and state-mandated training certificates. Defendants' exhibits E and F (reference checks dated Dec. 28, 200), exhibit I (Opawumi's Bachelor's Degree, Univ. Rhode Island, 1976, and MBA, Bryant College, 1978) and exhibit J (various certificates of training and education). There is no dispute that PMHC conducted the investigations required by both the law and its contract with PMHC. There is no dispute that Staffmore's background check unearthed no problems or irregularities in Opawumi's personal or professional history.

Plaintiffs Sodeke and Adeyemi both testified that prior to the February 13, 2008, incident they had had no problems with Opawumi and there is no evidence that they or anyone else had ever lodged a complaint with the defendants. Page 48, Deposition of plaintiff Sodeke (Sodeke dep.), Feb. 19, 2013, defendants' exhibit L; pages 54, 57, deposition of plaintiff Adeyemi (Adeyemi dep.), Feb. 19, 2013, defendants' exhibit M. The evidence that a supervisor came to the plaintiffs' house and observed Opawumi is uncontradicted. Page 48, exhibit L (Sodeke deposition).

Appended to plaintiffs' response to defendants' motion for summary judgment are the following: plaintiffs' exhibit A (copy of a Staffmore, LLC document dated 12.13.07 entitled "Acknowledgement of Independent Contractor,"

signed by a Staffmore representative and by defendant Opawumi); exhibit B (copy of a document entitled "TSS Supervision Documentation," "Cases Reviewed and TSS Responsible for each," dated 02.09.08, and referencing client Sodeke and TSS Opawumi); exhibit C (copy of federal tax form W-9: request for taxpayer ID number and certification, signed by Opawumi, dated 12.13.07, and a copy of Opawumi's authorization agreement for automatic deposits).

The first count of plaintiffs' third amended complaint charges defendant Opawumi with assault. Count III against defendant PMHC and count V against Staffing advance claims of negligence.[1] Count VI is a claim of negligence by plaintiff Adeyemi against all defendants. This court's order of May 30, 2013, granting the corporate defendants' motion for summary judgment leaves only defendant Opawumi in the case. Proceedings below have been deferred pending this appeal. *See* order of June 28, 2013 (Herron, J).

## DISCUSSION AND CONCLUSION

Summary judgment is appropriate where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.' Pa.R.C.P. 1035(b). 'The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must

---

[1] A stipulation dismissing count II against defendant Elwyn Institute was approved on September 4, 2012 (Control No. 120830820). Count IV against defendant The Progressions Companies, Inc. was also dismissed by stipulation approved on July 10, 2012 (Control No. 1420261776).

be resolved against the moving party.' *Marks v. Tasman*, 527 Pa. 132, 135, 589 A.2d 205, 206 (1991). Summary judgment may be entered only in those cases where the right is clear and free from doubt. *Price v. Leibfried*, 34 A.3d 1279, 1281 (Pa. Super. 2011), *appeal denied*, 49 A.3d 444 (2012), citing, *Musser v. Vilsmeier Auction Co., Inc.*, 562 A.2d 279, 280. (1989).

Summary judgment is warranted, however, if the party bearing the burden of proof at trial has failed to "provide evidence of facts essential to the cause of action" which "in a jury trial would require the issues to be submitted to a jury." Rule 1305.2(a)(2), Pa. R. Civ. P. The court finds that the plaintiffs have failed to satisfy Rule 1305.2(a)(2) because they have presented nothing that gives rise to a heightened duty owed by the defendants to these plaintiffs and even if such a duty exists the record is devoid of evidence that the defendants were on notice of any danger posed by Opawumi.

Defendants have correctly stated that in order to sustain a claim of negligence, a plaintiff must show a duty of care owed to the plaintiff, that the defendants breached that duty, that an injury resulted from the breach, and that the plaintiff suffered a compensable injury. Page 7 (unnumbered), defendants' motion for summary judgment, citing *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998). Before evaluating whether there is sufficient evidence to put the question of negligence to a fact-finder, it falls to the court to determine as a matter of law whether a legal duty exists at all. *Sharpe v. St. Luke's Hospital*, 821 A.2d 1215, 1219 (Pa. 2003). A legal duty arises if the conduct complained of "foreseeably creates an unreasonable risk of harm." In this case, the court finds that plaintiff has

pointed to no conduct of the defendant that falls within scope of this test.

Plaintiffs admit that the defendants performed the background checks required both by the contract between Staffmore, LLC and PHMC and by Pennsylvania law. ¶¶12-16, 56-59. Plaintiffs' answer to defendants' motion for summary judgment (MSJ). Plaintiffs admit that those background checks yielded not one negative piece of information about Opawumi. *Id.* Further, the plaintiffs admit that (a) Opawumi was supervised, (b) that they had had no problems with Opawumi prior to the February 13, 2008, incident, and (c) that they had never previously complained to the defendants about Opawumi. Page 48, Sodeke dep., defendants' exhibit L; pages 54, 57, Adeyemi dep., defendants' exhibit M. Finally, the plaintiffs concede that the record contains no evidence of prior complaints about Opawumi from anyone. *Id.*

Even so, plaintiffs argue that defendants should be held to some special standard of negligence, contending that "it is foreseeable in this instance that a person who would be working with a vulnerable population, such as young children, might avail himself of the opportunity to molest a child and thereby requiring additional screening." ¶¶53-62. The difficulty with this statement is that the plaintiffs identify no nexus between the premise — the foreseeability of injury to minors — and the conclusion — that "additional screening" is required. The Pennsylvania legislature already has determined that children are vulnerable to abuse and has established special protections for this very population. 23 Pa. C. S. 6301, *et seq.* (Child Protective Services Law); §3680 (Department of Public Welfare supervision of children and youth social services

agencies); 55 Pa. Code §3490.1, *et seq.* (DPW supervision of social services agencies whose employees come into contact with children); 55 Pa. Code §3680 (supervision of private agencies providing social services to children). It has imposed a corresponding duty on covered employers to investigate the backgrounds of prospective employees who will provide services to minors. 23 Pa. C. S. §§6344(b) and 6344.2 (mandating background checks of prospective employees who will work with children). The state requires employers to conduct criminal background checks and obtain child abuse history reports. 23 Pa.C.S. §6344(b). The legislative commitment to the protection of vulnerable children is apparent in the investigatory burden it places on employers of those working with this population.

The plaintiffs' argument can be understood only as a plea to create a new duty as a matter of policy. *Althaus v. Cohen*, 756 A.2d 1166, 1169 (Pa. 2000) (observing that the legal concept of duty of care rests on public policy considerations). In Pennsylvania those policy considerations include: (1) the relationship between the parties: (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution. *Id.* Unquestionably, Pennsylvania has acknowledged that the relationship between agencies like PHMC and its minor clients is a special one.[2] The state has also determined that providers of mental health services

---

2. The plaintiffs claim that PHMC owed a duty to the third-party sister and his mother, not to PHMC's own client, the brother. As the court finds no basis for creating new duty as to the brother, it need not address this issue.

to children perform a vital public health function. 50 Pa. C. S. 4201, *et seq.* The legislature has acknowledged the risk and foreseeability of harm by requiring employers to conduct background checks and by providing to those employers methods to identify high-risk candidates.

Against these considerations, the court weighs the plaintiffs' claim that those who provide vital services to children should be burdened with a greater, but amorphous duty to conduct "additional screening" beyond that already required by law. The court's attention is drawn to the record which contains no testimony, document, or expert report that articulates what additional screening should be mandated. Thus, the plaintiffs fail to articulate a "solution" in which the public has an interest and that this court can evaluate. They also present neither argument nor evidence in this case that "additional screening" would have uncovered anything negative about Opawumi. Consideration of the *Althaus* factors weighs against creating a duty that requires providers of mental health services for children to conduct open-ended investigations of their prospective employees beyond that already required expressly for this vulnerable population. Since the plaintiffs' case fails on the threshold issue of duty, it is not necessary to address any other issues they raise. The order of the court should be affirmed.

### PLAINTIFFS' STATEMENT OF MATTERS COMPLAINED OF PURSUANT TO Pa. R. A. P. 1925(b)

Pursuant to the order of this court plaintiffs hereby submit the following matters complained of for the courts' consideration:

1. The court should not have entered summary judgment in this case

2. The court should not have granted defendants' motion for summary judgment and dismissed this case in that:

A. Defendants had a duty to minor plaintiff which they violated, to conduct extensive background checks on persons such as defendant Opawumi;

B. Defendants had a duty to minor plaintiff which they violated, in that they had a duty to monitor persons such as defendant Opawumi who were providing services to minors and in households where other minor children resided;

C. Plaintiffs were in no way negligent.

3. The court improperly granted summary judgement as same was based upon testimonial evidence and in violation of the rule in *Nanty-Glo Boro v. America Surety Co.* 309 PA 236, 238 163 A. 523, 525 (1932).

4. The court improperly entered judgment as the issue of defendant Opawumi's status as an employee as opposed to an independent contractor was never decided.

5. The court improperly entered summary judgment as the extent of the duty to investigate persons such as defendant Opawumi was a factual issue which should have been submitted to the jury.

6. The court improperly entered summary judgment as the as the extent of the duty to monitor persons such as defendant Opawumi was a factual issue which should

have been submitted to the jury.

7. The court improperly entered summary judgment as the totality of circumstances of the incident should have been presented to the jury so that the jury might determine whether there was a breach of duty owed to plaintiffs.

8. The court improperly entered summary judgment as it relied upon the opinion in *Mahan v. Am-Gard, Inc.* 2003 PA Super 510; 841 A.2d 1052; 2003 Pa. Super. LEXIS 4599, which is not applicable int his case

9. There are a plethora of factual issues that should have been decided by a trier of fact and would bar the entry of summary judgment herein, they are as follows:

A. Did defendants have a duty to conduct extensive investigations of persons such as defendant Opawumi;

B. Did defendants have a duty to extensively monitor persons such as defendant Opawumi;

C. Was plaintiff negligent.

D. Were defendants negligent;

E. What was the percentage of negligence of the parties;

F. Was defendants' duty of care breached

G. Was defendant Opawumi an employee of any of the other defendants.

H. Was defendant an independent contractor or an employee.